### Ex Parte B. F. Bradenburg.

#### No. 1582. Decided November 8, 1911.

**Contempt—Jurisdiction—Notice of Appeal.**

Where it appeared, on proceedings for contempt, that relator as sheriff had put a defendant, who had been convicted in a misdemeanor case and had given notice of appeal, to work on the road, such action was unauthorized by law, as the case was then pending in the Court of Criminal Appeals; but inasmuch as there was no wilful contempt the relator is discharged with the advice to be more careful in the future.

From Dallas County.

Original contempt proceedings requiring relator to show cause why he should not be fined for contempt, in holding a prisoner under commitment, after notice of appeal had been given to the Court of Criminal Appeals.

The opinion states the case.

*Currie McCutcheon,* for respondent.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—A petition was filed in this court alleging that George Milam was, on the 25th day of August, 1911, in the County Court of Dallas County at Law, convicted on a misdemeanor charge; a motion for new trial was filed and was by the court overruled on the 2d day of September, 1911, to which ruling of the court defendant Milam excepted and gave notice of appeal to this court, which was duly entered of record in the minutes of the court. No recognizance was entered into, and defendant was placed in jail. Thereafter defendant was put to work on the county roads, notwithstanding notice of appeal had been given at the proper time.

Citation was issued on said application commanding the sheriff of Dallas County to appear and show cause why he should not be held in contempt, and he has filed a sworn answer in which he states that he was not aware, at the time said Milam was put to work on the public roads, that an appeal had been perfected, but instead he was

acting under a commitment issued out of the County Court dated September 6, 1911. That the clerk of the County Court issued and delivered to him a commitment, and in same there did not appear any notice of appeal, and under authority of such writ he placed the said Milam at work. That subsequent thereto he was informed that an appeal had been perfected and he took the defendant off the road and placed him again in jail. At the time he first turned defendant over to the superintendent of the road working crew, he also delivered to him the commitment issued by the county clerk, and after he learned of the appeal, and had placed defendant back in jail, he was taken out without his knowledge and consent by the superintendent of the public roads, acting under the commitment then in his hands.

The jurisdiction of this court attaches immediately upon the entry of notice of appeal, and the clerk acted improperly in issuing a writ of commitment directing the sheriff to collect the fine and costs from the defendant pending the appeal, but as it appears that the sheriff, in the first instance, was acting under a writ issued by the proper authorities, and that, as soon as he learned that an appeal had been perfected, he again placed defendant Milam in jail, he was not guilty of wilful contempt. And as it further appears that when the sheriff took the defendant off the road, upon learning that notice of appeal was given, he was kept in jail from September 9 to October 12, and then taken out of jail without the knowledge of the sheriff, by the superintendent of the county roads he may perhaps have been guilty of negligence, but not such negligence as we deem of sufficient gravity to impose on him any fine or punishment, as he, in his answer, shows that none of the acts complained of were wilfully done.

Prisoners who perfect an appeal to this court have a right to have their appeal passed on by this court before suffering any of the punishment assessed against them, and we trust officers will not be guilty of such negligence as is manifest in this case again. However, we are assured that defendant Milam is now in jail, and will be kept there until the appeal in his case is passed on by this court, and as it does not appear that there was any act wilfully done; we will discharge the sheriff, with the advice to him and all other officers to be more careful in the future.

*Discharged.*